IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **LINDA CAMPBELL,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No. 4:07-CV-0882-RDP |
| | } | |
| **THE LAMAR COMPANY, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION**

The court has before it Plaintiff's Motion to Remand (Doc. # 7) filed May 16, 2007.[1] The motion has been fully briefed,[2] and for the reasons outlined below, the court finds that Plaintiff's motion is due to be granted, and this case remanded to the Circuit Court of Etowah County, Alabama.[3]

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

On April 6, 2007, Plaintiff filed a complaint in the Circuit Court of Etowah County, Alabama alleging claims for fraud, fraudulent suppression, deceit, fraudulent deceit, promissory fraud, negligence and wantonness against The Lamar Company and Tom Sirmon, as agent for The Lamar Company. (Doc. # 1, Complaint). Plaintiff claims that Defendants made certain representations to her regarding her Incentive Stock Options ("ISOs") and salary and that, in reliance upon those

---

[1] Also pending is Defendant's Tom Sirmon's Motion to Dismiss (Doc. # 4), which has been stayed pending the court's resolution of the remand issue (Doc. # 8).

[2] Although the court's briefing schedule provided time for Plaintiff to submit a reply brief in support of her motion to remand, she has indicated to the court that she declines to do so.

[3] Given that it finds that it lacks jurisdiction over this case, the court cannot rule on Defendant's motion to dismiss and will direct the Clerk of Court to administratively terminate that motion from the court's docket. (Doc. # 4).

representations, Plaintiff initially agreed to employment with The Lamar Company and then continued to remain employed in lieu of exercising a severance package that was later offered to her. (Doc. # 1, Complaint). Plaintiff's complaint alleges that as a consequence of the purported fraud, she suffered various injuries including incurrence of taxes, losing her job, and mental anguish. (Doc. # 1, Complaint). It is undisputed that Sirmon is a resident citizen of the state of Alabama. On May 10, 2007, Defendants removed the action to this court on the basis of diversity jurisdiction and fraudulent joinder with respect to Sirmon. (Doc. #1).

## II.     APPLICABLE LEGAL PRINCIPLES

It is well-settled in this Circuit that because federal courts are courts of limited jurisdiction, remand of removed cases is favored where federal jurisdiction is not absolutely clear. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The burden of establishing subject matter jurisdiction for the purpose of removal to this court is on the removing Defendants. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

In *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997), the Eleventh Circuit addressed the issue of removal based on diversity jurisdiction when, as here, it is alleged that a non-diverse defendant has been fraudulently joined:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a "heavy one." *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

*Crowe*, 113 F.3d at 1538.[4]  The standard is onerous because, absent fraudulent joinder, a plaintiff has the absolute right to choose her forum.  That is, courts must keep in mind that the plaintiff is the master of her complaint and has the right to choose how and where she will fight her battle.  *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) ("[A]bsent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination.").

"A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence."  *Parks*, 308 F.2d at 478 (citations omitted).  Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* that a claim exists.  "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  *Crowe*, 113 F.3d at 1538 (citing *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir., Unit A 1981)).  Therefore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."

---

[4] Under the second prong of the fraudulent joinder test, the court must determine whether Plaintiff has fraudulently pled facts relating to a party's citizenship in an effort to avoid diversity jurisdiction.  No issue related to this prong has been raised in this case.  Moreover, although the Eleventh Circuit has also identified a third circumstance in which fraudulent joinder may exist – where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant – that situation is not at issue in this case either.  *See, e.g., Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Accordingly, the court limits its analysis to the first inquiry outlined by the Eleventh Circuit in *Crowe*.  In relation to that inquiry, the parties are in agreement that the appropriate standard for the court to apply is whether there is any possibility that Plaintiff can establish a cause of action against the non-diverse Defendant.  *Cabalceta*, 883 F.2d at 1561.

*Crowe*, 113 F.3d at 1538 (internal quotations omitted). It is clear that a plaintiff "need not have a winning case against the allegedly fraudulent defendant; [s]he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (internal quotations omitted). In this context "possible" means "more than such possibility that a designated residence can be hit by a meteor tonight." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005). In other words, Sirmon's "potential for legal liability must be reasonable, not merely theoretical." *Legg*, 428 F.3d at 1325 n.5.

### III.   SUBSTANTIVE ANALYSIS

As alleged in Plaintiff's complaint, the fraud claims against Sirmon arise out of two categories of representations that he purportedly made to Plaintiff: (1) that Plaintiff's stock options would remain intact after the "Birmingham business took over the Gadsden plant;" and (2) that Plaintiff would be guaranteed a $30,000 per year salary plus commission. (Doc. # 1, Complaint). Defendants, relying principally on the affidavit of Sirmon attached to the Notice of Removal, maintain that Plaintiff can prove can prove no set of facts or circumstances under which Sirmon is liable for the alleged misrepresentations because: (1) with respect to the stock option representations, Plaintiff has not shown that her stock options failed to remain intact because she eventually received all of the promised stock options, and moreover, Plaintiff has failed to allege that Sirmon guaranteed how the stock options would be categorized for tax purposes; and (2) with respect to the salary representations, the two-year statute of limitations bars any claim that Plaintiff was promised a salary of $30,000.00.

The only issue for this court to consider in its analysis of fraudulent joinder is whether Plaintiff has a *possibility* of stating a valid cause of action against Sirmon in this case with respect

to *either* type of representation. Plaintiff need not be able to state a claim as to both types of representations that Sirmon allegedly made in order to overcome Defendants' fraudulent joinder allegation – the mere possibility that Plaintiff can establish one of her claims against Sirmon is sufficient to require remand. As outlined below, Defendants have not met their onerous burden to show by clear and convincing evidence that no such possibility exists.

      A.      **Representations Regarding Stock Options**

Under Alabama law, the essential elements of fraud include: (1) a false representation, (2) concerning a material existing fact, (3) upon which the plaintiff has relied, and (4) damage as a proximate result. *Taylor v. Moorman Mfg. Co.*, 475 So. 2d 1187, 1189 (Ala. 1985). Defendant contends that Plaintiff's stock options fraud claim against Sirmon will fail because Plaintiff's complaint fails "to explain how, if, or why Plaintiff's stock options were not intact [and] . . . . has failed to plead or otherwise allege that Mr. Sirmon promised Plaintiff that she would receive ISOs as opposed to NQ stock options [or] . . . .made any representation about whether the stock options would be classified as ISOs or NQs." (Doc. # 9, at 3). A careful review of Plaintiff's complaint reveals that she *has alleged* that in 1998 she was granted an Incentive Stock Option (ISO) that would fully vest in 2003, and that Sirmon told her in 2003 when "the Birmingham business took over the Gadsden plant that her stock options would remain intact." (Complaint, at ¶¶ 5, 8). As part of her fraud claim, Plaintiff further alleges that "Defendants, Lamar Company [and] Sirmon . . . represented to the Plaintiff . . . Incentive Stock Options instead of Nonqualified Stock Options." (Complaint, at ¶ 18).

Although Alabama court rules require that fraud be averred with particularity, and that a plaintiff "use more than generalized or conclusionary statements when setting out the allegations

of fraud," *Lyde v. United Ins. Co.*, 628 So.2d 665, 670 (Ala.1993); Ala. R. Civ. P. 9(b), the Eleventh Circuit has made clear that "[o]ur task is not to gauge the sufficiency of the pleadings in this case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006).  Thus, although Plaintiff's averments may not be "highly detailed, [they do] provide[] more specificity than the 'generalized and conclusionary' allegations that provide no fair notice at all."  *Henderson*, 454 F.3d at 1284. Keeping in mind that "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands," *Henderson*, 454 F.3d at 1284, this court finds that Plaintiff's fraud allegations are sufficient to demonstrate a possibility that she has a valid cause of action against Sirmon with regard to the alleged stock options representations.

Moreover, the court rejects Defendants' conclusory statement, based solely on Sirmon's self-serving affidavit, that Plaintiff has received the full benefits of the stock options at issue and thus cannot establish the damage element of her claim.  Defendants essentially ask this court to make a determination about critical facts that are obviously in dispute by crediting Sirmon's version over Plaintiff's – a request that impermissibly delves into the merits of Plaintiff's claim and is far beyond what the Eleventh Circuit permits under the fraudulent joinder standard.  At this point in the litigation, the court cannot, and will not, decide the ultimate issue of whether Plaintiff can establish her damages.  Accordingly, with respect to Plaintiff's fraud claim against Sirmon based upon the

alleged stock options representations, the court finds that Defendants have not established fraudulent joinder by clear and convincing evidence. Based upon this finding alone, remand is appropriate.

### B. Representations Regarding Salary

Alternatively, the court also finds it possible that Plaintiff can state a valid cause of action against Sirmon with respect to his alleged representations that Plaintiff would be guaranteed a $30,000.00 per year salary plus commission. Defendant maintains that the two-year statute of limitations established by Alabama Code § 6-2-38 bars those fraud claims because Plaintiff could have - and should have - discovered any alleged fraud regarding her salary in 2004, over three years before this lawsuit was filed.[5] Defendants' argument is based on Sirmon's affidavit testimony that beginning in January 2004, Plaintiff began receiving a salary of $24,000.00 per year and thus should have known then that her salary would be less than the allegedly promised $30,000.00.

Although the Alabama Code provides a two-year limitations period for fraud claims, it also notes that fraud claims "must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Alabama Code § 6-2-3. The Alabama Supreme Court has clarified that "the limitations period begins to run when the plaintiff was privy to facts which would 'provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud.'" *Auto-Owners Ins. Co. v. Abston*, 822 So.2d 1187, 1195 (Ala.2001) (internal quotations omitted). Nonetheless, even after the fraudulent act is discovered, "[t]he statute of

---

[5] Defendant apparently does not assert the statute of limitations with respect to Plaintiff's claim regarding the alleged stock options representations. Plaintiff's complaint alleges that she discovered on July 5, 2006 that the representations regarding her stock options were fraudulent, and those allegations involve claims that clearly fall within the limitations period.

limitations [may be further] tolled . . . [if] the plaintiff is misinformed or falsely informed by the defendant and the plaintiff reasonably relies on the defendant's misrepresentation. *Foremost Ins. Co. v. Parham*, 693 So.2d 409 (Ala.1997)."

Even assuming as true Sirmon's uncorroborated testimony that Plaintiff began receiving less than $30,000.00 as early as 2004, the other relevant facts regarding Plaintiff's salary have yet to be discovered and presented to the court. Thus, without the benefit of Plaintiff's testimony regarding what representations were made to her, when they were made to her, and when she recalls receiving less than $30,000.00 per year, the proper application of the discovery rule and any relevant tolling provision to the facts of this case is uncertain. The Eleventh Circuit has made clear that when the viability of a plaintiff's claim against a non-diverse defendant may depend upon whether a statute of limitations is tolled, "the case should be remanded *summarily*; such a question is emphatically a matter for the state courts to decide." *Henderson*, 454 F.3d at 1284 (emphasis added) (citing *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] all doubts about jurisdiction should be resolved in favor of remand to state court.")). While the evidence currently before the court may not establish presumptively that Plaintiff's claims will survive the assertion of a statute of limitations defense, it does not foreclose such a result either. Thus, this court is unable to say that there is "no possibility" that an Alabama state court would find that the discovery rule tolls Plaintiff's fraud claims against Sirmon and renders her claims timely filed. In such a situation, the Eleventh Circuit has given this court no discretion – the circuit court has mandated that such a case be remanded summarily for the state court to determine the proper application of any tolling provision.

## IV. CONCLUSION

Given the facts of this case, to conclude that fraudulent joinder exists would require an impermissible overreach into the merits of Plaintiff's claims. Because the court finds that Defendants have failed to carry their burden of showing by clear and convincing evidence that Plaintiff has no possibility of prevailing on either of her claims, Plaintiff's motion to remand is due to be granted.[6]

The court will enter an order consistent with this Memorandum Opinion, remanding this case to the Circuit Court of Etowah County. Given the court's lack of jurisdiction over this case, the motion to dismiss which is also pending in this case is for the state court to decide.

**DONE** and **ORDERED** this ___8th___ day of June, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[6] Because the court has found that remand is appropriate because the parties lack complete diversity of citizenship, it need not consider whether the amount in controversy exceeds $75,000 (as Defendants maintain in their brief).